United States v. Tories. Mr. Brindley. May it please the court. My name is Bo Brindley and I represent surety appellants Noemi Lorenzana and Ignacio Torres Sr. Following a hearing on the government's motion to revoke bond for Ignacio Torres Jr., district court entered judgment against Ignacio Torres Jr. which had been previously withheld and as a result revoked his bond. After that revocation the district court did not immediately require him to be taken into custody by the marshals and Mr. Torres was able to flee this building and ultimately the jurisdiction. The district court subsequently forfeited the home belonging to Ignacio Torres Sr. and Noemi Lorenzana pursuant to a motion by the government based on a forfeiture agreement. Surety appellants appeal that decision. Forfeiture agreements are indisputably governed by contract principles and the defendant's flight in this case unquestionably happened after the order was entered revoking the bond. Judge Leinweber explicitly said he's entering judgment which means he's revoking the bond because once judgment was entered bond had to be revoked and once the bond was revoked there was no further agreement. The contract with the sureties in terms of forfeiture was terminated and it is a mistake of law to then enforce that contract based on an action that unquestionably took place after the revocation happened. Of course you don't have any case law that specifically says that. No, all I have is basic contract principles as I think reasonable people understand them. I don't understand and I think there was some examples we gave some examples in the reply brief but for example if it was a some particular bank was going to protect this armored car shipment of money until it gets to some place, it gets to the place, after it gets the place the bank isn't responsible for what happens next and Judge Leinweber revoked the man's bond. At that point the contract is terminated and I think what the government basically wants this court to do is redraft the forfeiture agreement to make up for for an error made by the district court in not having the marshals in the room to take the guy into custody. I think as a practical matter the problem was that the marshals weren't right in there at the time and didn't get him and then all of a sudden he was gone because nobody expected that to happen that day. Yeah and so from and this is just the policy because I was I mean certainly word could get out you know your bond gets revoked and if you split then whoever your surety was is not on the hook for it. I mean that I mean I look at some of it. Sure I understand the policy concern that that could arise there but the bottom line is we contract principles for the sureties the contract principles have to be enforced and these sureties once this was revoked it was over these sureties didn't have any more responsibility. The answer in terms of policy is not to redraft the contract of fix a mistake the district correct the answer is whenever you're going to revoke a bond as a district court have the marshals in there to take the person into custody or say if they're going to let him self-surrender right your bond is going to continue until you do self-surrender and then it will be revoked. That just didn't happen here. The government in one of the things the government attempted to do was to suggest that there were other bases for the forfeiture and they say that a failed drug test was one that had occurred five months prior there was a failed drug test. Now the problem with that primarily is this at the time the district court didn't find that's a violation at all. In fact well through counsel which was me Mr. Torres acknowledged it a report of positive result had come had been issued by pretrial services there was no due process hearing where anyone allowed him to either challenge that report or the methods used or do anything and the reason there was no such hearing is because no one moved to revoke and no one found the violation and we can't now say that without a due process hearing on this point this is the basis for the forfeiture. It cannot be. The same is true with the issue with respect to the contact with the witness. The whole hearing that led to Judge Landau entering the judgment and the bond being revoked happened because there was an incident where a cooperating witness said that he had contact with Mr. Torres. There was a disagreement this is Mr. Torres jr. of course there was a disagreement between the parties about the facts of how that happened whether that was willful whether that was Torres's fault and we had asked for a hearing to present witnesses and that's in the the transcript of the the proceeding that day before Judge Landau which you have and Judge Landau Weber ultimately said decides we don't need to do that there won't be a hearing because what I've done here is I've gone to remain on bond I'm not going to do that anymore I don't have to I that was a basically I was giving him a break I'm not going to do that anymore I'm going to enter judgment and entering judgment in this this is a narcotics case that entry of judgment triggered immediate revocation of bond and that's why the bond was revoked. Judge Landau Weber did not hold a hearing he didn't find a fact about the make a fact finding and say that was a violation some contact of the witness he basically said I don't even have to bother I'm going to do it this way bond is revoked so Mr. Torres again did not get a due process hearing on the question of whether or not this really happened the credibility of his witnesses was never a determined versus the informant because no witnesses were ever called because no one ever found a violation on that basis. So let me ask you this so what if we have a situation probation officer goes in US Attorney's Office goes into the court says they want to revoke bond defendant is not there because I don't know he's just not there as lawyers tried to get him there he's not there the court holds the hearing yes folks bond yes okay so at that point you would say the sureties are off the hook as well. At the point because the when the just the once the bond is revoked yes at the point the district court says the bond is revoked now if the defendant had absconded before that well the bond was still in court they're on the hook but after the district court says the bond is revoked then they would be off the hook and and the the whatever happens after that wouldn't be their responsibility and the other issue here that we've raised is the problem of notice in this instance the the sureties are entitled to have notice of court appearances and the government cites that language from their agreement the only notice they're going to be given is notice of court appearances but they didn't get a notice we we had information provided by the pretrial services officer about contacting Ms. Lorenzana who was the third party custodian and one of the sureties here multiple times at different points in this case but there was no contact made to tell him there's a moment there's a hearing to revoke and so there's no indication the sureties even had knowledge that revocation hearing was happening if they did and they had known that was going to be they could have come to court and they could have said we do not want to serve as sureties anymore under these that opportunity and the government wants to assume well they must have known because mr. Torres jr. should have told them but that's not what it says it says they were going they had would get notice of court appearances and they didn't get it from the court and they didn't get it from the pretrial services office and they didn't get it from mr. Torres jr. apparently but in any because they weren't there and they had been at other proceedings but they weren't there that day and ultimately after that when the judge decides he's going to issue a going to come back and turn himself in or not because it was supposed to be today is I guess the language that was used it wasn't clear whether he was in violation or wasn't they weren't told at that point that they could come in and have some opportunity to try to find him or do anything they didn't get notice of that proceeding either so I don't think they can be held accountable due to a lack of notice and more importantly because the only real reason that the forfeiture happens and judge Leinenweber was very forthright and upfront about this when he when we came in on after we disputed this when he said well ninety nine percent of the time if the defendants in the court there is no forfeiture and but he's not here and that's why we're gonna have to do this and that's why the home is forfeited but that act in this case and this is a unique case I think the parade of horribles the government is concerned about is just it's sort of a tempest in a teapot in the sense that this is a very unusual circumstance where you happen to get a revocation and it's not clear that he's going to be taken into custody and then he's left at large and then he runs away that that's a very unusual set of circumstances and I think enforcing contract principles and the specific language of the agreement is necessary to protect the right of the sureties who entered that contract believing that's how it would be and I don't think it's going to do any any serious harm in terms of policy because if we have district courts going to know they need to have somebody there to take him into custody with that I'll reserve whatever is left all right thank you mr. Brindley mr. Madden may please the court Matthew Madden on behalf the United States this court should affirm the district court because it was not an abuse of discretion to refuse to set aside that forfeiture order first the forfeit excuse me the immediately operative in this case because the court gave the defendant time to surrender to law enforcement and until he surrendered the conditions of bond were still in place now the defense the defense position here is that the word revocation is some magic word which immediately extinguishes the conditions of release but that is not the case the defense defense attorney said to judge Lionel Everett judge when do we need him to surrender he used the term surrender for a reason defense attorneys and defendants prefer surrender as opposed to immediate custody and arrest because the immediate custody means handcuffs and you're walking out of the courtroom that way to the side to the prisoner elevator straight up to lock up on the 24th floor surrender is something entirely different surrender is the defense has the opportunity for the defendant to turn himself in to law enforcement on a specified day or at a specified time regardless of whether or not marshals were in judge line where was courtroom that day the defense attorney would have asked for him to surrender because surrender allows him that extra time to say goodbye to his family and turn himself in on his own terms later on that day and the reason surrender is so important in this case is because when a defense when a judge allows a defendant to surrender in these types of circumstances the conditions of bond remain in place the most analogous circumstance the defense attorneys given a number of analogies in his brief really the most analogous circumstance here is when something happens very regularly in the lower courts on this in this building is when a defendant on bond goes up for the end of that let's say there's a sentence of imprisonment is imposed of say five years the judge then gives him a surrender date the surrender date might be 30 days it might be 45 days and what that means is the defendant is obligated to turn himself in to either the MCC or some Bureau of Prisons facility on a certain date and the key is the conditions of bond remain in place and then do the sureties get notice of that they would get they so that they could be there so if they wanted to back out they could yes he has that time to turn himself in and so here the sureties didn't have noticed did they there's significant circumstantial evidence that they had noticed and there's there's not there's not I don't there's no evidence for example that his parents were actually there that day even though there were family members there but we don't know who they were exactly but what we have here is here's circumstantial evidence that we have one key here is that Miss Lorenzano is one of the appellants she had a dual role here she was not just a surety she was a surety and she was a third-party custodian so as a third-party custodian she had obligations under the bond agreement she was in court in the judge line where went over the bond agreement with her and she signed it that day her job was to make sure the defendant showed up for the court proceedings to make sure the defendant complied with the conditions of release and to advise the court and pretrial services if there were any violations so what we have there is this surety who's also a third-party custodian and not only a third-party custodian she's his mother and they're living together and then pretrial services officer testified at the hearing and said gave all these specific dates when he was in contact with Miss Lorenzano keeping her apprised of the proceedings letting her know what's on asking if she had any questions if there any violations but he didn't have any discussion about the bond revocation proceeding that took place no there was no evidence of and then you cited this Gutierrez case saying that the court was required to forfeit the bond and setting the bond aside while the defendant is at large undermines the purpose of the bond and Gutierrez also sets forth factors that the district court has to weigh when deciding whether to set aside forfeiture and there are six factors and I don't think Judge Leinenweber made any findings under that the willfulness of the defendants breached the participation of securities and apprehending the defendant the cost inconvenience and prejudice suffered by the government any explanation of mitigating factors presented by the surety whether the surety is a professional bondsman or one of the defendants friends or family members and the appropriateness of the bond there were no findings using that test it's true it's true that there were no findings using that test the defense didn't didn't go through those factors and we didn't either but in this case of course what we have is the quintessential violation of bond is when the defendant failed to surrender and he flees and I don't recall the case but I think there's seven circuit case law that says of course that is the heart of why we have bond conditions so that the defendant appears in court as directed and surrenders to serve a sentence and so here we've we've got that type of situation that is that is probably the most serious bond condition that if that when that is violated it's as Judge Leinenweber said 99% of the time that's that's what you're talking about when you're going to when you're going to forfeit when you're going to forfeit the I'd like to just briefly point out something on the on the surrender issue surrender versus custody something that mr. mr. Brindley mentioned and something I noted from his reply brief on page 6 and page 6 to reply the defense said the court allowed the defendant to temper temporarily be at liberty without the security provided by his bond conditions and I noted that because that is such an absurd construction and distortion of Judge Leinenweber's order and intent that day so what judge just remember that this is the context the government is in there that day saying that these bond conditions are not enough the defendant threatened one of our witnesses and not just any witness the witness the the exact reason why Torres was in federal court was because of this one person and he threatened him and it's true that we didn't have a full flown hearing but of course you can have you can proceed by proffered a hearing which is what we did rather than call witnesses and the defense also made a fair for Judge Leinenweber to rely on concessions of missions made by the defense in writing and at the hearing and at that hearing the defense admitted that they exchanged words and that of course is a violation when he's not allowed to have any contact with witnesses and what you and I guess I just in terms of that test I mean that that test is important but you know it's this issue of notice that troubles me that the sureties didn't get get notice of this hearing that it was a bond revocation and they do have that option to pull out you agree that they could pull out they could make that I mean they could make the request of the court you know they know he's coming in it's a bond revocation they see the reasons why if they got noticed they they would have that option right they would they would have they would have that option your honor but I think what one thing that I think makes no sense about the defense position here is that the reason for notice is as you said to give them the ability to object and what one of the things that defense was talking about that they would have objected to was this Judge Leinenweber essentially allowing him to surrender because what would have happened if there were two options you could have ordered them to go out that way with the marshals and truthfully then we wouldn't be here of course or he allowed him to surrender and that's why we are here because that's how we got away so that's that's where they would have had to have objected for it to make any difference they would have had to have said we object to you allowing our son to surrender you should be the other option was he should be put in handcuffs and let away there is no way his parents would have said we object your honor we object to you allowing our son to surrender because that increases that increases the chances that he's going to run away but so you're saying that they couldn't say your honor in light of this finding we don't want to be sure it is anymore they could have yeah they would have had that opportunity but what I'm saying is there's no way as a practical matter that they ever would have made that objection mr. Madden in the case where the surrender is put off for 30 or 45 days and there's no indication because that time had not expired that there was going to be a fleeing during that period can a surety come in and the bond has been quote forfeit ended at the day like we had here I'm sorry I didn't follow the last part well can it in that period can a surety come in and and request to be released yes they could they could do that and then I think that would give the government the opportunity to say if the surety is going to be released the defendant should be taken into custody immediately because that would be changing the agreement between all the parties I see that my time has expired if there aren't any other questions that's why you're taking that position that it would be rare for the surety to do it unless the surety no longer had confidence in the defendant I mean it could be a situation where they just didn't have confidence and they regrettably but they didn't want to be on the hook for their house being taken away correct if unless there any other questions I would just ask that the two things I want to reply to the first has to do with a situation where you have a sentencing that mr. Madden was discussing and then the defendants allowed to remain on bond so he can surrender here's what doesn't happen at that sentencing the judge doesn't say your bond is revoked there's never a revocation that defendant walks in because he's not in custody and he's on bond and at the end they say conditions of bond to stand so he can surrender so the difference here is revocation when they devise the judge says the bond is that is a difference a total difference and that's what happened here that's why that is irrelevant the other thing with respect to the sureties is they do need to have notice we can't presume that just because she's his mother that her house is on the line and that she's not going to take a different position when she hears the government's evidence the government's claiming that he had an argument with this guy that he's not supposed to be talking to is a detailed claim about a violent dispute between these people if she heard that in a revocation hearing she very well might have said well I know he's gonna have to go into custody eventually he's gonna have to do some time on this I just don't want to put the house at risk anymore she has should have that opportunity she should have that right and we can't presume that she knew the pretrial services officer explicitly we have evidence did not tell her no one did and without that there's not enough notice to take away their house and where is it where is it is it it's in that agreement the forfeiture agreement that that she would get notice where is that it it is in the agreement it's it was cited by I think both sides what I just in the briefing I mean the as I stand here right now you don't have to look for this is where it is but it's in the briefing both sides have cited that language that you'll get no the only notice you'll get is of court proceedings and that's a notice that we believe was missing okay we asked for you to reverse decision this report thank you thanks to both government counsel and the case is taken under advisement the court will proceed to